IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RHONDA DILLOW, | : | |
| | : | Case No. 1:16-cv-612 |
| Plaintiff, | : | |
| | : | JUDGE TIMOTHY S. BLACK |
| v. | : | |
| | : | |
| HOME CARE NETWORK, INC., | : | |
| | : | |
| Defendant. | : | |

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT

I.     INTRODUCTION

Relying on *Harper v. Virginia Department of Taxation*, Plaintiff argues that judicial decisions apply retroactively "in all cases still open on direct review and as to all events regardless of whether such events predate or postdate announcement of the rule." 509 U.S. 86, 113 S. Ct. 2510 (1992) and Plaintiff's Response at p. 2. However, *Harper* is not the standard in all cases. Given that the very agency that promulgated the new rule (law) chose not to enforce it until November 12, 2015 and issued public statements confirming that policy, a *Chevron* analysis is particularly appropriate in this case.

II.    LAW AND ARGUMENT

    A.     **The decision of the U.S. Court of Appeals upholding the Department of Labor Regulations extending minimum wage and overtime protections to home care workers applies prospectively only.**

In *Lamar v. Ishee*, a decision out of this District, the Court found that *Harper* does not mandate retroactivity in all cases:

1

> In sum, current federal retroactivity law provides that, when a court applies a new rule of federal law to the parties before it, the new rule is to be applied retroactively to all cases still open on direct review and as to all events. However, when a court announces a new rule of law but does not apply the new rule to the parties before it, a *Chevron Oil* analysis is used to determine retroactivity so long as the retroactivity is not applied selectively.

2006 U.S. Dist. LEXIS 41435 2006 WL 1722420 (S.D. Ohio 2006). Other courts have continued to apply a *Chevron* analysis in the appropriate circumstances. *See, Nunez-Reyes v. Eric Holder, Jr.*, 646 F.3d. 684, 698 (9th Cir. 2011).

In *Home Care Association of America, et al. v. Weil*, the Court of Appeals affirmed a new rule of law extending minimum wage and overtime protections to home care workers. 799 F.3d 1084, 2015 U.S. App. LEXIS 14730 (D.C. Cir. 2015). The new law was not applied to the parties to the case but, instead, was determined to be a valid revision of the FLSA lying "within the scope of its [the DOL] rulemaking authority under the general agency delegation" in the statute. *Id.* The matter was then remanded to the district court to enter summary judgment in favor of the DOL. The Court of Appeals issued its mandate on October 13, 2015. The DOL officially announced that it would begin enforcement of the Final Rule on November 12, 2015. (*See Defendant's Exhibit "A"*).

*Home Care Association of America, et al. v. Weil* did not apply the new law to the parties in the case as required by *Harper* but, instead, affirmed a new rule of law; therefore, it is appropriate to perform the three part *Chevron* analysis to determine whether prospective application of the law is appropriate.

### B. The Decision of the U.S. Court of Appeals upholding the Final Rule establishes a new principle of law.

First, the decision to be applied prospectively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an

2

issue of first impression whose resolution was not clearly foreshadowed. *Chevron Oil v. Huson*, 404 U.S. 97, 92 S. Ct. 349 (1971).

In 1974, Congress amended the FLSA to include a "companionship exemption" to Section 213 of the Act, which applied to home care workers. *29 U.S.C. §213(a)(15)*. As set forth in great detail in Defendant's Motion for Partial Summary Judgment, between 1974 and 2013, there was a long history of failed attempts to extend minimum wage and overtime protections to home care workers in the form of both legal challenges and failed legislation. (MSJ pp. 3-5)

In October, 2013, the DOL issued a Final Rule amending the FLSA companionship exemption to specifically exclude home care workers employed by third party employers. *78 Fed. Reg. 60454* (October 13, 2013). The Final Rule provided an effective date of January 1, 2015. *Id.* The Home Care Association of America along with other industry associations filed suit challenging the DOL's authority to amend the FLSA's companionship exemption, and the D.C. District Court vacated the Final Rule before it ever went into effect. *Home Care Association of America, et al v. Weil*, 76 F. Supp.3d 138, 2014 U.S. Dist. LEXIS 176307 (D.D.C. 2014). The DOL appealed.

"We should not indulge in the fiction that the law now announced has always been the law." *Griffin v. Illinois*, 351 U.S. 12, 26 (1956) (Frankfurter, J., concurring in judgment). On August 21, 2015, the U.S. Court of Appeals issued a decision reversing the D.C. District Court and remanding for an entry of summary judgment in favor of the DOL. The U.S. Court of Appeals issued its mandate on October 13, 2015. 799 F.3d 1084, 2015 U.S. App. LEXIS 14730 (D.C. Cir. 2015). Prior to this date, the Final Rule expanding minimum wage and overtime protections was never the law as attested to by the history in the MSJ.

### C.   The history of the Final Rule supports prospective application. Retroactive application of the law would be inequitable.

Second, one must weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. Finally, one must examine the inequity imposed by retroactive application. *Chevron Oil v. Huson*, 404 U.S. 97, 92 S. Ct. 349 (1971). In performing this analysis, courts have given great weight to the equities of a particular case. *Lamar at p.4*; *American Trucking Associations Inc. v. Smith,* 496 U.S. 167, 184 (1990). In fact, this court in *Bangoy* gave great weight to this very factor. *Bangoy* at p. 3.

As previously discussed, there was a long history of attempts to expand minimum wage and overtime protections to home care workers all of which failed until the DOL Final Rule became law on October 13, 2015. Further, via its own publication, the DOL, who promulgated the Final Rule, represented to the public that the Final Rule was not effective until October 13, 2015 and would not be enforced until November 12, 2015. (*Defendant's Exhibit "A"*).

Retroactive application will not further the purpose of the Final Rule but will, instead, harm those entities who relied on the district court's vacatur as well as the publications of the DOL in an effort to comply with the Final Rule. Retroactive application is inequitable in that it requires Defendant to go back in time to comply with regulations that technically had not gone into effect. According to the DOL, the purpose of the Final Rule is not only to provide home care workers with "fundamental wage guarantees" but also to provide the recipients of home care services with "a stable and professional workforce". (*Defendant's Exhibit "A"*). Placing employers in financial jeopardy with retroactive application of the Final Rule is contrary to the purpose of the Final Rule in that it will not guarantee recipients of home care services "a stable

and professional workforce" in the future nor will retroactive application rectify any past instability in the workforce.

As set forth in *Chevron*, prospective application of a law requires 1) a new principle of law; 2) support for prospective application in the history of the law; and 3) that retroactive application be inequitable. Based on the foregoing, the DOL Final Rule expanding minimum wage and overtime protections to home care workers meets all of these criteria and should be applied prospectively only on and after November 12, 2015.

Plaintiff relies on *Kinkead v. Humana, Lewis-Ramsey v. The Evangelical Lutheran Good Samaritan Society, and Cummings v. Bost, Inc.* to support her conclusion that the Final Rule should be applied retroactively. These cases are not persuasive for two primary reasons. First, these cases failed to consider that *Harper* might not apply but instead blindly concluded that "judicial decisions are presumptively retroactive in their effect and operation." *Kinkead v. Humana, Inc.*, 2016 U.S. Dist. LEXIS 93410 (D. Conn. 2016). However, proper analysis using the *Chevron* standard leads to the conclusion that it is only appropriate to apply the Final Rule prospectively. Next, these cases also failed to adequately consider the effect of DOL pronouncement, which was crucial in this court's decision in *Bangoy*. This court in *Bangoy* held that the standards for public and private enforcement should be the same absent very good reasons. *Bangoy* at p.3; *Skidmore v. Swift,* 323 U.S. 134, 139-140, 65 S.Ct. 2339, 168 L.Ed. 54 (1944). Neither these cases nor the Plaintiff's memorandum in opposition cite any reasons why public and private enforcement should be inconsistent other than to simply state that the DOL's public pronouncements and policies are not relevant to private actions.

5

## III.   CONCLUSION

Applying the *Chevron* analysis, it is clear that the Department of Labor regulations extending FLSA minimum wage and overtime protections to home care workers should apply prospectively only. The DOL, itself, apparently concurs with this analysis. Home Care Network, Inc.'s Motion for Partial Summary Judgment should be granted and all claims for violation of the FLSA prior to November 12, 2015 should be dismissed.

Respectively submitted,

*/s/ Dale D. Cook*
Dale D. Cook (#0020707)
ISAAC WILES BURKHOLDER & TEETOR, LLC
Two Minerva Place, Suite 700
Columbus, OH 43215-5098
Telephone: (614) 221-2121
Facsimile: (614) 365-9516
Email: dcook@isaacwiles.com

Stuart A. Strasfeld (#0012399)
ROTH, BLAIR, ROBERTS, STRASFELD & LODGE L.P.A.
100 E. Federal Street, Suite 600
Youngstown, OH 44503
Telephone: (330) 744-5211
Facsimile: (330) 744-3184
Email: sstrasfeld@rothblair.com

*Attorneys for Defendant,*
*Home Care Network, Inc.*

## Certificate of Service

I hereby certify that on January 19, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing though the Court's system.

*/s/ Dale D. Cook*
Dale D. Cook (#0020707)

**United States Department of Labor**
**Wage and Hour Division**



EXHIBIT A

### U.S. Court of Appeals Unanimously Upheld DOL Rule, Opinion Effective as of Oct. 13, 2015

The Department of Labor issued the Home Care Final Rule to extend minimum wage and overtime protections to almost 2 million home care workers. The rule was challenged in federal court, but on August 21, 2015, a federal Court of Appeals issued a unanimous opinion affirming the validity of the Final Rule. **This opinion upholding the Home Care Final Rule became effective on October 13, 2015, when the Court of Appeals issued its mandate.** As previously announced, the Department will not begin enforcement of the Final Rule until November 12, 2015. From November 12 through December 31, 2015, the Department will be in the second phase of its previously announced time-limited non-enforcement policy.

Please see below for more details about the litigation and the Department's non-enforcement policies.

### U.S. Court of Appeals Unanimously Upheld DOL Rule, Opinion Effective as of Oct. 13, 2015

The Department of Labor issued the Home Care Final Rule to extend minimum wage and overtime protections to almost 2 million home care workers. We believe the Rule is the right policy—both for those employees, whose demanding work merits these fundamental wage guarantees, and for recipients of services, who deserve a stable and professional workforce allowing them to remain in their homes and communities. The Home Care Final Rule, issued on October 1, 2013, had an effective date of January 1, 2015.

In June 2014, associations of home care companies filed a lawsuit in federal court challenging the Final Rule. In December 2014 and January 2015, U.S. District Court Judge Richard Leon issued opinions and orders vacating the Final Rule's revised third party regulation and revised definition of companionship services, respectively.

The Department of Labor filed an appeal of the district court's orders to the U.S. Court of Appeals for the District of Columbia Circuit. The case is Home Care Association of America v. Weil, No. 15-5018 (D.C. Cir.). **On August 21, 2015, the Court of Appeals issued a unanimous opinion affirming the validity of the Final Rule and reversing the district court's orders.**

Because of the district court orders, the Department could not begin enforcement of the Final Rule on January 1, 2015, and because the Court of Appeals opinion did not take effect immediately, it could not begin enforcement on August 21, 2015, either. The home care associations asked the Court of Appeals and the Chief Justice of the U.S. Supreme Court to delay the date the Court of Appeals opinion would become effective, but both requests were denied. **The Court of Appeals opinion reversing the district court's orders became effective on October 13, 2015, when the Court of Appeals issued its mandate. The Department will not begin enforcement of the Final Rule before 30 days after that date, which is November 12, 2015.** From November 12 through December 31, 2015, the Department will be in the second phase of the time-limited non-enforcement policy it announced in October 2014, during which it will exercise prosecutorial discretion in determining whether to bring enforcement actions, with particular consideration given to the extent to which States and other entities have made good faith efforts to bring their home care programs into compliance with the FLSA since the promulgation of the Final Rule.

The Department has also taken unprecedented implementation actions to help employers of home care workers prepare for FLSA compliance, including offering an extensive and individualized technical assistance program, providing a 15-month period before the effective date, and adopting a time-limited non-enforcement policy. We have repeatedly encouraged States and other employers to take the necessary steps toward implementation. We continue to stand ready to provide technical assistance to States and other entities as they implement the Final Rule.

August 21, 2015 U.S. Court of Appeals Decision (PDF)

 Information on the Home Care Final Rule

 Back to the Home Care Main Page

 Subscribe to Home Care News