IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RHONDA DILLOW, | : | |
| | : | Case No. 1:16-cv-612 |
| Plaintiff, | : | |
| | : | JUDGE TIMOTHY S. BLACK |
| v. | : | |
| | : | |
| HOME CARE NETWORK, INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF DEFENDANTS IN OPPOSITION TO
PLAINTIFF'S MOTION TO CERTIFY A RULE 23 CLASS**

**I.     INTRODUCTION**

At the outset, defendants are not opposing the request to conditionally certify this action as a collective action pursuant to 29 U.S.C. 216(b) except to the extent that the request requires certification of non-existent home health care workers outside the State of Ohio.  Given the lack of proof submitted and the complete absence of any discovery on Rule 23 issues, the premature request for certification under Federal Rule of Civil Procedure 23 should be denied as Dillow has not carried her burden of proof as to numerosity and typicality.  Furthermore, she has not carried her burden as to predominance or that a Rule 23 action is superior to a collective action under the Fair Labor Standards Act.

**II.     STATEMENT OF THE CASE**

On June 22, 2016, Plaintiff Rhonda Dillow filed a complaint, alleging violations of Ohio Law and the Fair Labor Standards Act ("FLSA").  The complaint, which was recently amended,

alleging that certain individuals were employers, alleges that Ms. Dillow and other similarly situated employees were not paid overtime as required by Ohio & Federal law.

As recited in detail in the previously filed motion for partial summary judgment, the companionship exemption to the overtime requirements in the Fair Labor Standards Act was removed by the Department of Labor and then litigation resulted. This litigation was resolved in the fall of 2015. (See partial Motion for Summary Judgment filed on December 16, 2016.)

After the litigation was concluded, Home Care began paying back overtime to its employees. These payments were commenced well before the filing of this lawsuit. Prior to the filing of its answer in this case, Home Care had paid all back overtime to its employees. The only employee that has come forth so far is Ms. Dillow. Ms. Dillow has not worked for Home Care since April 17, 2016. (Answer No. 9)

### III.   CONDITIONAL CERTIFICATION UNDER 29 U.S.C. 216(b)

As previously noted in the introduction, Defendants are not opposing conditional certification as a collective action under the Fair Labor Standards Act. The only objection at this time to such conditional certification under the act is that any class be limited to Ohio as defendants employ no home healthcare workers (aides) outside the state of Ohio. There is no proof that defendants employed any home health care workers outside of Ohio. While defendants do business in Indiana, only nurses are employed in Indiana. There is simply no reason to certify collective action class for nonexistent workers.

Other than that one objection, defendants will consider entering into an appropriate stipulation regarding conditional collective action certification for Ohio subject of course to a motion to decertify. Defendants are not waiving any claims or defenses, and the lack of opposition should not be construed as a waiver. The defendants simply recognize that the

2

plaintiff has carried her burden of proof given the extremely lenient standards applied to conditional certification under 29 U.S.C. 216(b). Defendants are not admitting any unlawful conduct or the existence of any damages as all back overtime has been paid. Defendants are also reserving the right to file a motion to decertify the action after discovery is complete. Defendants request the customary two tiered approach for conditional certification, with a deadline after discovery for a motion for decertification. *See, Leuthold et al. v. Destination America,* 224 F.R.D. 462 (N.D. Calif. 2004); *Sisson v. OhioHealth Corp.,* S.D. No. 2:13-cv-0517, 92 Fed. R. Evid. Serv. 1200, 2013 WL 6049028.

### IV. GIVEN THE STATE OF THE RECORD AND LACK OF EVIDENCE OR DISCOVERY, CERTIFICATION UNDER CIVIL RULE 23 IS INAPPROPRIATE

#### A. Burden of Proof

In contrast to the very lenient standards under certification of a collective action under the Fair Labor Standards Act, this court must engage in a rigorous analysis to determine if a class action under Civil Rule 23 is appropriate. Class actions are an exception to the general rule that litigation is conducted by and on behalf of the individual named parties only. *Califano v. Yamasaki,* 442 U.S. 682, 700-01, 99 S.Ct. 2545 61 L.Ed.2d 176 (1979). As class actions are an exception, plaintiff (Dillow) bears the burden of showing that the elements of Rule 23 are met. *General Telephone* v. *Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). A part seeking class certification must affirmatively demonstrate compliance with Rule 23. *Castillo v. Morale,* 302 F.R.D. 480 (S.D. Ohio 2014). A failure to carry the burden of proof as to any of the required elements under Civil Rule 23 precludes certification. *Burkhalter Travel Agency v. MacFarms Int'l,* 141 F.R.D. 144, 152 (N.D. Cal. 1991).

Dillow chose to file her motion under Civil Rule 23 in the very early stages of this action and with little evidentiary support. Her Rule 23 claims are based on alleged violations of Ohio

3

law. There are no depositions nor has Dillow presented any evidence that her job duties are the same or similar to other potential claimants. In contrast to the request for conditional certification as a collective action under the FLSA which is meant to be filed very early in the case, the request for Rule 23 certification is premature. While Dillow has presented sufficient evidence as to some of the requirements of Civil Rule 23, the motion must be denied as she has failed to carry her burden with evidentiary quality materials as to many of the elements.

    **B.    Numerosity**

Dillow has not carried her burden of proof as to numerosity. She has not affirmatively demonstrated that joinder of the class members, which only includes home healthcare workers that worked for more than 40 hours during the yet to be determined relevant time period would be impracticable. At this point, Dillow has not carried her burden on this issue for two reasons. First, the relevant time period is still undetermined, so it is impossible to demonstrate numerosity at this time. The number of potential class members could vary greatly depending on the length of time governing the composition of the class. Such a determination is premature until the court rules on Defendants' partial motion for summary judgment.

More importantly, Dillow simply presents her arguments of number of workers as opposed to those specifically not paid the required overtime. No deposition testimony or evidentiary quality materials were presented to further delineate which employees might be members of the class. Given the rigorous burden under Civil Rule 23, Dillow has not carried her burden of proof as to numerosity.

    **C.    Typicality**

Dillow's arguments that her claims are typical suffer from similar flaws as there are insufficient evidentiary quality materials as to whether a single course of conduct caused the

alleged injuries. As part of the required rigorous analysis, court must probe beyond the pleadings and analyze the evidence supporting each Rule 23 requirement. *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011). In the absence of an affirmative demonstration with "evidentiary proof" that all the requirements of Civil Rule 23 including typicality have been met, class certification must be denied. *Comcast Corporation v. Behrend,* 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013).

Dillow argues her claim of typicality based not on specific evidentiary quality proof, but on an assumption that the class members alleged injuries come from a single event or are based on a single legal theory. However, under the case law, there must be evidentiary proof of these allegations and Dillow's memorandum only presents assumptions that all the claims are the same. Once again, no affidavits or depositions are presented in support of this argument. Given her burden, Dillow must present more than her assumptions or speculation.

### D. No Predominance

To satisfy the far more demanding predominance requirement, common issues must be both numerically and qualitatively substantial in relation to the issues peculiar to individual class members. *Wal-Mart v. Dukes*, 564 U.S. 338; *Amchem, 5*21 U.S. at 623-624 117 S.Ct. 2231, 138 L.Ed. 689; *In Re Optical Disk Drive Anti-Trust Litigation,* 303 F.R.D. 311, 318 (N.D. Cal. 2014).

Once again, Dillow has failed to carry her burden on this issue. While there may be a common issue as to alleged violations of overtime rules, individual questions specifically in the area the calculation of damages and whether a particular individual falls within the particular class predominate over the single question of an alleged violation of the Fair Labor Standards Act. For example, for each employee, it will need to be determined whether they are home healthcare and/or domestic service workers, the time worked, if there was any overtime, and

when the work generating the overtime was performed. These individualized factors outweigh the common issues.

More importantly, there has been insufficient proof through evidentiary quality materials that class issues predominate. No affidavits, depositions or expert testimony has been presented on this issue. The mere allegation of predominance is insufficient for Dillow to carry her burden. There must be evidentiary quality materials, and none have been presented specifically on this issue.

### E. Lack of Superiority

Under Civil Rule 23(b)(3), Dillow must demonstrate that action under Civil Rule 23 is superior to other methods of adjudication. In this case, Dillow has failed to demonstrate that a Rule 23 class-action superior, in light of the available remedy provided under the Fair Labor Standards Act in the form of a collective action. The Defendants are not objecting to the motion as to conditional certification of a collective action. The conditional certification provides for notice, and for an aggregation of individual claims. The collective action provides the same protections as Civil Rule 23. Given the similarity of the two actions, Dillow has failed to demonstrate that a class-action under Civil Rule 23 is even necessary let alone superior.

Based on the availability of collective action under the Fair Labor Standards Act, a class action under Civil Rule 23 is simply not needed. If a class action is not necessary, the superiority requirement has not been met. See, Wright, Miller & Kane, Federal Practice and Procedure, at 370-372, § 1785. An evaluation of alternative methods of resolving the dispute is an integral part of the Plaintiff's burden of proof on superiority. *See, Hanlon v. Chrysler Corp.*, 150 F.3d. 1011, 1023 (9th Cir. 1998).

The issue of certification under Rule 23 of state law claims in action that also requested collective action certification under the FLSA was addressed in *Leuthold v. Destination Services,* 224 F.R.D. 462 (N.D. Cal. 2004). In *Leuthold*, the court held that the alternative of prosecuting any pendant state law claims in the FLSA collective action was superior to certifying a class under Rule 23 thus precluding certification. *Leuthold* at p. 470. A similar result was reached in *MacDonald v. Ricardo's on the Beach*, C.D. Cal. No. CV 11-9366, 2013 WL 228334, at p. 8. At the very least, these authorities demonstrate an alternative that precludes Dillow from carrying her burden of proof on the alleged superiority of a Rule 23 class action.

## V.     NOTICE ISSUES

As part of the motion, Dillow has provided a proposed notice. If the motion is granted, the undersigned counsel would like a chance to work with Dillow's counsel to see if an agreed notice could be fashioned. At this point, defendants object to any reference to Rule 23 type standards in the notice as certification under that rule is inappropriate.

The Southern District of Ohio routinely permits collaboration on the content of the notice. *See, e.g., Snelling v. ATC Healthcare Services Inc.*, No. 2:11-CV-00983, 2012 WL 6042839, at *6 (S.D.Oh., Dec. 4, 2012) ("The parties should confer as to the proper form of notice and submit a proposed notice form, and plan for the distribution of notice, within FOURTEEN (14) DAYS of the date of this Opinion and Order"); *Heiberl v. U.S. Bank Nat'l Assoc.*, No. 2:11-CV-00593, 2012 WL 4463771, at *8, n. 8 (S.D.Oh., Sept. 27, 2012) (Directing parties to submit simultaneous briefing regarding the form and content of notice but noting that "[t]he parties are, of course, free to confer with one another to see if they can reach agreement as to the form, and procedure for distributing, notice."). Consequently, the Defendants should have input on any proposed notice.

7

As direct notice is the most likely to reach the participants and not cause confusion, notice should be limited to direct notice in this case.

## VI. CONCLUSION

Plaintiff's motion to certify a class under Civil Rule 23 should be denied.  As previously noted, Defendants do not oppose the motion for conditional certification as a collective action under 29 U.S.C. 216(b) with the caveat that any such conditional certification should be limited to Ohio.

Respectfully submitted,

*/s/ Dale D. Cook*
Dale D. Cook (#0020707)
ISAAC WILES BURKHOLDER & TEETOR, LLC
Two Minerva Place, Suite 700
Columbus, OH 43215-5098
Telephone:  (614) 221-2121
Facsimile:  (614) 365-9516
Email:  dcook@isaacwiles.com

Stuart A. Strasfeld (#0012399)
ROTH, BLAIR, ROBERTS, STRASFELD
  & LODGE L.P.A.
100 E. Federal Street, Suite 600
Youngstown, OH 44503
Telephone:  (330) 744-5211
Facsimile:  (330) 744-3184
Email:  sstrasfeld@rothblair.com

*Attorneys for Defendants Home Care Network, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing though the Court's system.


*/s/ Dale D. Cook*
Dale D. Cook (#0020707)