UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RHONDA DILLOW, | : | Case No. 1:16-cv-612 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| HOME CARE NETWORK, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S COMBINED MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION CLASS AND TO CERTIFY A RULE 23 CLASS (Doc. 20)**

This civil action is before the Court regarding Plaintiff's combined motion to conditionally certify a collective action class and to certify a Rule 23 class. (Doc. 20).

**I.     BACKGROUND**

Plaintiff Rhonda Dillow brings this civil action alleging wage and hour violations under the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of herself and other similarly situated former employees of Defendant Home Care Network, Inc. (Doc. 24). Defendants include Home Care Network, Inc. as well as Kimberly King, COO of Home Care Network, Inc., and Betty Martin, President of Home Care Network, Inc.

In the current motion before the Court filed January 27, 2017, Plaintiff asks the Court to conditionally certify a class for both a collective action under the FLSA as well as to certify a class action under Rule 23 of the Federal Rules of Civil Procedure. (Doc. 20). Both proposed classes share the same definition:

1

> All domestic-service employees who (1) worked for Defendants at any time from January 1, 2015 until April 30, 2016 and (2) worked more than 40 hours in one or more workweeks.

(Doc. 24, at 7).

Defendant does not oppose conditional certification of Plaintiff's proposed class for the FLSA collective action, only requesting that the class be limited to the state of Ohio as Defendants claim that there are no domestic-service employees employed by Home Care Network, Inc. outside of Ohio. As evidence has not been fully presented to the Court regarding the geographic scope of the employees that may be affected by the proposed class, the Court sees fit to conditionally certify the class as proposed by Plaintiff for collective action certification under the FLSA. Assuming Defendants are correct in their assertion that no covered employees work outside of Ohio, there is no functional difference between the class as proposed by Plaintiff and the class as proposed by Defendants.

Unlike conditional certification of a collective action under the FLSA, Defendants oppose the certification of a class action under Federal Rule of Civil Procedure 23(b). Defendants argue that Plaintiff has not met her burden of proof as required to necessitate certification.

## II.     STANDARD OF REVIEW

Rule 23 allows one or more members of a class to sue as representative parties only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the

representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a) (referred to by the shorthand of "(1) numerosity, (2) commonality, (3) typicality, and (4) adequacy."). In addition, class certification is appropriate, as relevant here, if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).

Before certifying a class action, this Court is required to conduct a "rigorous analysis" to determine whether the requirements of Rule 23 have been met. *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). In ruling on a motion for class certification, the Court is prohibited from considering the merits of the plaintiff's claims, but the Court may consider evidence outside of the pleadings to determine whether the prerequisites of Rule 23 are met. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469 n. 12, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *see also* 1 Joseph M. McLaughlin, McLaughlin on Class Actions § 3:12 (6th ed. 2009) ("Consensus is rapidly emerging among the United States Courts of Appeal. The First, Second, Third, Fourth, Fifth, Seventh, Eighth, Tenth and Eleventh Circuits have expressly adopted certification standards that require rigorous factual review and preliminary factual and legal determinations with respect to the requirements of Rule 23 even if those determinations overlap with the merits."). Plaintiff bears the burden of showing that the elements of Rule 23 are met. *See Falcon,* 457 U.S. at 161, 102 S.Ct. 2364.

## III. ANALYSIS

### A. Sufficiency of the Evidence

As an initial matter, much of the dispute between the parties regarding whether this matter is suitable for class certification at this time revolves around the sufficiency of the evidence presented by Plaintiff in support of Rule 23 class certification. Plaintiff has submitted before the Court copies of Defendant Home Care Network, Inc.'s payroll records reflecting the wages earned by putative class members during the relevant time period. (Doc. 20-4). Plaintiff has also generated documents summarizing the data from the voluminous payroll records that summarize how many overtime hours each employee worked without being paid an overtime wage. (Docs. 27-2, 27-3).

Defendants' response to the motion for class certification argues that Plaintiff has not yet submitted evidence sufficient to allow the Court to certify a class based on Rule 23. Defendants specifically cite the lack of any deposition testimony or affidavits to support Plaintiff's request for class certification. (*See* Doc. 25). However, the payroll records offered by Plaintiff allow the Court to sufficiently evaluate the Rule 23 factors for class certification. The claims in this case revolve around an allegation that Defendants did not pay overtime wages to a group of employees who were legally entitled to overtime pay; the main dispute in this case will be whether the relevant overtime wage laws applied to this group or not. Courts evaluating motions for class certification in similar cases have found that employer payroll records are sufficient evidence to support class certification. *See, e.g.*, *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486–87 (S.D. Ohio 2014). Upon examination, the information relevant to Plaintiff's motion is all on

the payroll records—the number of affected employees, the dollar amount of the violations, and the payroll periods in which violations occurred. (Doc. 20-4).

Accordingly, Plaintiff's motion for class certification under Rule 23 does not fail for a lack of available evidence.

**B.     Federal Rule of Civil Procedure 23(a) Factor Analysis**

**1.     Numerosity**

As the Court of Appeals has explained, there is "no strict numerical test" in order to establish numerosity. *Young v. Nationwide Mut. Ins. Co.,* 693 F.3d 532, 541 (6th Cir. 2012). Plaintiff must only show that the class is "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Often, "a class of 40 or more members is sufficient to meet the numerosity requirement." *Snelling v. ATC Healthcare Servs. Inc.,* No. 2:11–CV–00983, 2012 WL 6042839, at *5 (S.D.Ohio Dec. 4, 2012) (quotation omitted).

Plaintiff has clearly demonstrated that the proposed class is numerous enough to merit Rule 23 certification. As stated above, Plaintiff has provided to the Court a summation of Defendants' payroll records for domestic service employees from November 2015–October 2016.[1] Those records show that during that time period, more

---

[1] The records Defendants turned over to Plaintiff only go back to November 2015, despite Plaintiff's class being defined as all employees who worked back to January 2015, because the parties initially had a dispute over whether the relevant portion of the FLSA/OMFWSA was enforceable as of January 2015 or November 2015. After Defendants filed the response to this motion, but before Plaintiff filed her reply, the Court ruled that the rule in question was enforceable going back to January 2015. (Doc. 26). Accordingly, the number of affected employees is presumably larger than what is implied by the records currently before the Court— a fact that only strengthens Plaintiff's arguments in favor of class certification.

than 230 workers implicated in the proposed class were not paid overtime as was legally required. This more than meets Rule 23's numerosity requirement.

### 2. Commonality

Plaintiff has established that there are questions of law or fact common to the class such that Rule 23 certification is appropriate. Plaintiff alleges that Home Care Network, Inc. did not pay its domestic-service employees overtime in violation of state and federal labor laws. Plaintiff has submitted Defendants' payroll records as evidence. These records demonstrate that there is a large number of putative class members who were not paid overtime wages for overtime hours worked.

Defendants do not claim that there are no common issues of law or fact between the putative class members. Instead, Defendants claim that those issues are not predominant as required by Rule 23. That argument is addressed in Part III.C.1, *infra*.

### 3. Typicality and Adequacy

In order for a proposed class to meet the requirements of Rule 23, the proposed class representative(s) must have individual claims that are typical of the claims attributable to other class members, and the representation of the proposed class must be adequate to properly advocate for the putative class members' interests.

Plaintiff and her chosen counsel adequately meet the typicality and adequacy requirements for class certification imposed by Rule 23. Plaintiff was a domestic service employee for Home Care Network, Inc. during the relevant time period and who worked in excess of 40 hours per week at times during the relevant time period. Her claims, like those of all putative class members, will require her to demonstrate that Home Care

Network, Inc.'s failure to pay overtime wages to domestic service employees was in violation of the law. Plaintiff's interests therefore align with those of putative class members, and there is no concern that Plaintiff would litigate any class action in a manner contrary to the interest of the class. Plaintiff's counsel is similarly well situated to advocate on behalf of the putative class, having experience with similar civil actions.

C.     **Federal Rule of Civil Procedure 23(b) Analysis**

Having met Rule 23(a)'s prerequisites, Plaintiff's proposed class must also meet any of the three conditions under Rule 23(b) to be certified. Plaintiff seeks certification under Rule 23(b)(3), which requires that common issues predominate, and the class mechanism is superior to other methods of relief.

1.     **Predominance**

The predominance requirement evaluates whether a proposed class is cohesive enough to merit adjudication by representation. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Common issues may predominate when liability can be determined on a class-wide basis, even if damages are subject to individualized issues. *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007). That is exactly the case here; Defendants' liability towards all the members of the proposed class will hinge upon a single question: whether Home Care Network, Inc. could lawfully pay its home healthcare workers regular wages as opposed to overtime wages for overtime hours worked.

Defendants' response argues that individual issues dominate over issues common to the class, and that class certification is therefore inappropriate:

7

> While there may be a common issue as to alleged violations of overtime rules, individual questions specifically in the area the calculation of damages and whether a particular individual falls within the particular class predominate over the single question of an alleged violation of the Fair Labor Standards Act. For example, for each employee, it will need to be determined whether they are home healthcare and/or domestic service workers, the time worked, if there was any overtime, and when the work generating the overtime was performed. These individualized factors outweigh the common issues.

(Doc. 25, at 5–6). Defendants' examples of individual issues are not persuasive. Some of the issues cited, such as whether an individual was a "domestic service worker," are determinative of the threshold issue of whether an individual is actually a member of the class and not an indication of how the cases of two confirmed class members may differ. The other individual issues cited by Defendants are related to calculation of damages, and as stated above, it is common for different class members in a Rule 23 class action to be entitled to differing damages based on their individual circumstances, so long as the class is unified by a single theory of liability as in this case. *Beattie*, 511 F.3d 554.

### 2. Superiority

The superiority question under Rule 23(b)(3) requires the Court to consider whether a class action is superior to other methods of adjudication. Rule 23(b)(3) lists four factors to consider in determining superiority: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action.

Here, there is no evidence that putative class members have any interest in maintaining this litigation in separate actions. Indeed, the relative size of the individual claims in this case makes class resolution perhaps the only way Home Care Network, Inc.'s workers can recover their unpaid wages in an economical way. *See, e.g., Tedrow v. Cowles*, 2007 WL 2688276, at *8 (S.D. Ohio 2007) ("As Plaintiffs convincingly argue, the majority of putative class members would not likely have their day in court on these claims if a class is not certified because of a lack of sophistication, lack of resources, lack of representation and similar barriers."). Moreover, efficiency augurs in favor of concentrating the claims in this Court, as there is no record of other similar litigation pending in Ohio and Home Care Network, Inc. is located in this District. A final resolution of Home Care Network, Inc.'s liability is also fair because the case deals with policies affecting a large number of employees. A class action avoids competing decisions on the issues and offers finality. There is no device other than a class action that can resolve these matters as efficiently and fairly. Finally, no major difficulty is likely to arise in management of the class action as the putative class is definable and, thus, limited in size. Class certification here promotes consistent results, giving Home Care Network, Inc. "the benefit of finality and repose." *Id.* (internal citations omitted). Adjudicating this matter as a class action is the most efficient and fair manner of resolving these claims.

Defendants argue that Rule 23 certification is not the superior method of adjudication because this case is also eligible for certification as an FLSA collective action, which Plaintiffs have also sought and Defendants do not oppose. (Doc. 25, at 6–

7). Defendants cite two California District Court cases where the presiding court held that Rule 23 class action certification is unnecessary and unwarranted in cases where a FLSA collective action is granted. *Id.* (citing *MacDonald v. Ricardo's on the Beach*, C.D. Cal. No. CV 11-9366, 2013 WL 228334, at 8; *Leuthold v. Destination Services,* 224 F.R.D. 462 (N.D. Cal. 2004)).

However, in this district, "there is no inherent incompatibility between an opt-in FLSA collective action and an opt-out Rule 23 class action." *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 181 (S.D. Ohio 2012). It is well-settled that employees in Ohio can maintain a Rule 23 class relating to their Ohio claims while simultaneously representing a 29 U.S.C. § 216(b) collective action relating to their FLSA claims. *See, e.g., Swigart,* 288 F.R.D. at 187 (granting Rule 23 class certification on Ohio overtime claims to mortgage loan officers); *Castillo*, 302 F.R.D. at 486-7 (certifying Rule 23 class for Ohio claims and FLSA collective for federal claims); *Laichev v. JBM, Inc.*, 269 F.R.D. 633, 642 (S.D. Ohio June 19, 2008) (same); *Hurt v. Commerce Energy, Inc.*, No. 1:12-cv-758, 2013 WL 4427255, *1 (N.D. Ohio Aug. 15, 2013) (same); *Peterson v. Cleveland Inst. Of Art*, 2011 WL 1297097, *12 (N.D. Ohio Mar. 31, 2011) (same).

Furthermore, the reasoning adopted in *Leuthold* and *MacDonald*, the California district court cases cited by Defendants, has been rejected by more recent opinions from California district courts. *See Woods v. Vector Marketing Corporation*, 2015 WL 5188682, at 15 (N.D. Cal. Sept. 4, 2015) ("Moreover, this Court has previously 'decline[d] to follow *Leuthold*' and similar decisions (like *McDonald*) that found superiority defeated by the presence of a parallel FLSA collective action, because the

Court determined that such decisions are not persuasively reasoned. *See Harris v. Vector Marketing Corp.,* 753 F.Supp.2d 996, 1018–19 (N.D. Cali. 2010)"). The Court agrees with the prevailing consensus that class certification under Rule 23 is compatible with certification as a collective action under the FLSA. Therefore, the fact that this case merits certification as an FLSA collective action is not grounds to deny class certification based on Rule 23(b)(3)'s superiority requirement.

**D.     Notice**

Because the Court has determined that conditional class certification under the FLSA and class certification under Rule 23 are appropriate in this case, a notice must be sent to class members informing them of their rights and obligations as class members. A conditionally certified class under the FLSA is "opt-in," meaning putative class members must affirmatively represent their intention to join the class in a forthcoming suit. *See Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006) ("The preliminary certification is intended to provide notice and opportunity to opt in."). In contrast, a Rule 23 class is "opt-out," meaning that an individual class member must affirmatively represent that he or she does not wish to be in the class to avoid being bound by the class action.

Rule 23 states that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(b). That Rule further contains a list of information that must be included "in plain, easily understood language" in any notice:

1) the nature of the action;

2) the definition of the class certified;

3) the class claims, issues, or defenses;

4) that a class member may enter an appearance through an attorney if the member so desires;

5) that the court will exclude from the class any member who requests exclusion;

6) the time and manner for requesting exclusion; and

7) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* In this instance, the notice must also inform all class members of their option to opt in to the conditionally certified class for purposes of pursuing Plaintiff's FLSA claim.

In her motion, Plaintiff provided a proposed notice to be sent to putative class members. (Doc. 20-1). The Court has reviewed the notice, and finds that it complies with the detailed notice requirements of Rule 23, while also providing necessary information related to an affected individual's rights and responsibilities regarding the FLSA collective action in this case.

Defendants' response to Plaintiff's motion requests that the Court decline to authorize a notice at this time so that the parties can collaborate on crafting a notice. The response does not substantively review and object to Plaintiff's notice, other than the following statement: "At this point, defendants object to any reference to Rule 23 type standards in the notice as certification under that rule is inappropriate." As the Court has determined that certification under Rule 23 is in fact appropriate, this argument holds no merit.

Plaintiff's reply to her motion for class certification argues that Defendants' failure to substantively critique her notice in their response should not merit this Court's delaying the case further by preventing the distribution of notice to allow the parties a period to collaborate on the content of a notice. The Court agrees. This case is rapidly aging, approaching one year from the initial filing date. There are statutes of limitations that must be considered in any decision to delay, and Defendants had every opportunity to bring specific, substantive criticisms of the proposed notice to the Court's attention with their response to the present motion. Plaintiff's proposed notice meets every requirement of Rule 23, and will serve to provide adequate notice to any putative party member of his or her rights.

Plaintiff has requested permission to distribute the notice in four ways: individual notice by mail, individual notice by email, public posting of the notice on the internet, and by requiring Defendants to post the notice in employee areas such as breakrooms. (Doc. 20, at 14). Defendants ask the Court to allow only individual notice, stating that it will avoid "confusion." (Doc. 25, at 8). Courts generally approve only a single method for notification, unless there is a reason to believe that method is ineffective. *See, e.g., Shajan v. Barolo*, 2010 WL 2218095 (S.D.N.Y. June 2, 2010) (rejecting alternative modes of distribution where first class mail would reach all potential plaintiffs). Plaintiff has made no showing that personal service by mail will be insufficient to provide reasonable notice to the class, and, therefore, her request for additional methods of service is denied.

## IV. CONCLUSION

Accordingly, for the foregoing reasons:

1) Plaintiff's combined motion to conditionally certify a collective action class and to certify a Rule 23 Class (Doc. 20) is **GRANTED**;

2) The Court conditionally certifies the following collective action class pursuant to the FLSA:

   All domestic-service employees who (1) worked for Defendants at any time from January 1, 2015 until April 30, 2016 and (2) worked more than 40 hours in one or more workweeks.

3) The Court certifies the following class for Plaintiff's rule 23 class action:

   All domestic-service employees who (1) worked for Defendants at any time from January 1, 2015 until April 30, 2016 and (2) worked more than 40 hours in one or more workweeks.

4) The Court appoints Plaintiff Rhonda Dillow as the representative for both of the above classes;

5) The Court appoints Markovits, Stock & DeMarco, LLC and Michael D. Lore, P.C. as Class Counsel for the above classes;

6) Plaintiff's proposed notice (Doc. 20-1) is **APPROVED**.[2] Plaintiff shall serve the notice to all class members individually via U.S. mail. Per Plaintiff's request (Doc. 20, at 15), there shall be a 90-day period for individual class members to submit opt-in forms to join the collective action.

**IT IS SO ORDERED.**

Date: 6/5/17

*Timothy S. Black*
Timothy S. Black
United States District Judge

---

[2] Doc. 20-1 contained several "blanks" where certain information (mainly dates) was to be inserted following this Court's ruling on class certification. Plaintiff shall update the notice with appropriate information before distribution.

14